UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONTE PRYOR,

    Plaintiff,

v.                                                  Case No. 14-13325
                                                 Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                       /

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
## DISMISSING ACTION

    This matter is before the Court on Magistrate Judge Patricia T. Morris' Report and Recommendation. **[Doc. No. 15, filed August 21, 2015]** To date, no Objections have been filed to the Report and Recommendation and the time to file such has passed.

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching a conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a de novo review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court agrees with the Magistrate Judge that although Plaintiff had severe impairments, Plaintiff did not have an impairment or combination of impairments that met the listed impairments as required in step three of the five-step sequential evaluation of the evidence.

The Court further agrees that the ALJ's conclusion that Plaintiff had the residual functional capacity to perform sedentary work, with certain limitations. The Court agrees with the Magistrate Judge that even though the ALJ erroneously concluded that transferability of job skills is not an issue because the claimant does not have past relevant work where Plaintiff reportedly had experience as a cashier for four months, remand is not appropriate in this matter. The sole issue on remand would be to determine whether the cashiering skills were transferable. The ALJ did not find that Plaintiff lacked transferable skills, but instead mistakenly found that his transferable skills were not relevant. As noted by the Magistrate

Judge, the ALJ already implicitly made a decision that Plaintiff's cashiering skill is transferable when the Magistrate Judge expressly adopted the Vocational Expert's ("VE's") testimony that the cashiering skills were transferable.  The Magistrate Judge reviewed the ALJ's findings and the record, including the VE's testimony, in reaching her conclusion. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Patricia T. Morris **[Doc. No. 15, filed August 21, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 13, filed March 12, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 14, filed March 26, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.


Dated:  November 4, 2015

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2015, by electronic and/or ordinary mail.

                               S/LaShawn R. Saulsberry
                               Case Manager